## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**JACQUELINE MCMASTER,** personal representative for the Estate of CAROL SILADI, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Carol Saladi (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **JACQUELINE MCMASTER** personal representative for the Estate of JEFFREY SALADI, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assigns of Jeffrey Saladi (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **BETTY DOBBINS** personal representative for the Estate of LEONA DOBBINS deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Leona Dobbins (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **MARCUS JAMISON** personal representative for the Estate of JACK JAMISON, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assigns of Jack Jamison (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **EDWARD KIM** personal

**Case No. 25-11218**

**Hon. Terrence G. Berg**

**Magistrate Judge Curtis Ivy, Jr.**

**CLASS ACTION**

**JURY DEMANDED**

representative for the Estate of BABIANO
KIM deceased, and all the unknown claimants
and owners, and all the heirs, devisees or
assigns of the claimants and owners and all the
heirs, devisees and assignees of Babiano Kim
(deceased), all or any of whom may have or
had an interest in the foreclosed property or
the subject matter of this action; **RUFFINA
KIM** personal representative for the Estate of
BABIANO KIM deceased, and all the
unknown claimants and owners, and all the
heirs, devisees or assigns of the claimants and
owners and all the heirs, devisees and
assignees of Babiano Kim (deceased), all or
any of whom may have or had an interest in
the foreclosed property or the subject matter of
this action; **DEBRA KINGHAM,** personal
representative for the Estate of JOANNE
EGNATOWSKI deceased, and all the
unknown claimants and owners, and all the
heirs, devisees or assigns of the claimants and
owners and all the heirs, devisees and
assignees of Joanne Egnatowski (deceased),
all or any of whom may have or had an
interest in the foreclosed property or the
subject matter of this action; **RACHELLE
SIEMASZ** personal representative for the
Estate of JOANNA SIEMASZ deceased, and
all the unknown claimants and owners, and all
the heirs, devisees or assigns of the claimants
and owners and all the heirs, devisees and
assignees of Joanna Siemasz (deceased), all or
any of whom may have or had an interest in
the foreclosed property or the subject matter of
this action; **DEANNA STITH;
FRANCESCO MARTINEZ; SUZZANNE
LUTTMAN; ERICA RUFFIN; JOAN
BARRY; LONNIE LAMBERT;
THADDEUS BIENKO; HALO 5 GROUP
SERVICES, INC., YAKKOUB TEKKO,**

2

**HOUSSAM TEKKO, SHAEFA MOHAMED, EDWARD JOHN SAGHY, JOAN BARRY, JOHN SANCHEZ, JEFF ZARNICK, LIZABETH HEIMANN, RYAN HEIMANN, LIZABETH HEIMANN** personal representative for the Estate of Deborah Johnson deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Deborah Johnson (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **KWW PROPERTIES, LLC, ZACH WOOLSEY**,**MAJESTIC REAL PROPERTY HOLDINGS, RICH WOOLSEY, JENNIFER MICHAEL, RICKY SPRINKLE, DANIELLE BROTKA** personal representative for the Estate of MICHAEL MCCARTHY deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Michael McCarthy (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **RENEE CAYCE** personal representative for the Estate of GAIL CAYCE deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Gail Cayce (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **RENEE CAYCE**; **JOANNE SCHULZ** personal representative for the Estate of BETTY J HERRICK deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants

3

and owners and all the heirs, devisees and assignees of Betty J. Herrick (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **JESSICA KIDD** personal representative for the Estate of DONNA KIDD deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Donna Kidd (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **SARRA LYNN RIVERA** personal representative for the Estate of ERNEST FOREST deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Ernest Forest (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **SARRA LYNN RIVERA** personal representative for the Estate of BEVERLEY FOREST a/k/a Beverly Forest deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Beverley Forest a/k/a Beverly Forest (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **THOMAS STRONG, GEORGE LIBBY, LINDA KAMM, JP SAYLOR, NIZAR YASSINE, FREDRICK CHAPMAN, JAMES DOWLING, FRANK MASSENBERG, JAMES UNDERHILL, JOSEPHINE UNDERHILL, JAMES ADAMS, BRETT DUNN, KIMBERLY SNIPES, JENNIFER WICK, WARREN**

4

**WICK, ALICE TROUT** a/k/a Alice
Plucinski, **AASMA SIDDIQUE, JAMES
FARRIS** personal representative for the Estate
of WILLIAM FARRIS deceased, and all the
unknown claimants and owners, and all the
heirs, devisees or assigns of the claimants and
owners and all the heirs, devisees and
assignees of William Farris (deceased), all or
any of whom may have or had an interest in
the foreclosed property or the subject matter of
this action; and **LINDA STEC, DAVID
AINSCOUGH, JR.** personal representative
for the Estate of DAVID AINSCOUGH, SR.
deceased, and all the unknown claimants and
owners, and all the heirs, devisees or assigns
of the claimants and owners and all the heirs,
devisees and assignees of David Ainscough,
Sr. (deceased), all or any of whom may have
or had an interest in the foreclosed property or
the subject matter of this action; **DARYL
HARGIS, LINDA LEMAUX**, **DANNY
NOVACK, HASSAN HAMMOUD,
ZAINAH HAMMOUD, TINA RANDALL,
CHRISTINA BOOKER, AMY DROELLE,
ERICA KRUSZEWSKI, DENISE
SANDERS, CHRIS SMITH, MICHAEL
STODDARD, BARBARA LEE
CROMWELL, GARY LEE, CYRIL
HALL, BRANDON C HALL, HENRY
KOPPOE, RAQUEL SANDERS, LINDA
GOAD, DAVID MCKAY, JOKERS R
WILD, JOHN MERLINO, LISA WILSON,
HENRY A. JOHNSON, JOHN MASSEY,
ANITA LIND, LINDA MITCHELLE a/k/a
LINDA DENTON, LAURA DENTON,
FRANCISCO GARCIA, RANDY MOORE,
PAULA NEWCOMB, DIANA KUHN,
LAWRENCE KUHN, DEBRA BLEVINS**
a/k/a DEBRA NAGLE**, RUTH MANN as
Trustee of the RUTH MANN**

5

**DECLARATION OF TRUST, RUTH MANN, ELEANOR EWALD, ERIC EWALD** a/k/a BETH ROSENBERG, **JAMES BURBAR, BRANDY GUTIEREZ, CYNTHIA HALE, MARK HALE, RUSSELL MCQUEEN** personal representative for the Estate of SHARON MCQUEEN deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Sharon McQueen (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **ALI MOUSSA, DANIEL DEBALDO** and **CHERYL FOSTER, NORWOOD BOYLE CONSTRUCTION, THOMAS BOYLE, JOANN GEORGE,** and **THERESA LEE,** for themselves and all those similarly situated; and all the unknown claimants and owners, and all the heirs, devisees or assigns of claimants and owners and all the heirs, devisees and assignees of the estate's decedent, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action for themselves and all those similarly situated.

**Plaintiffs,**

v.

**COUNTYOF WAYNE, CITY OF TAYLOR, CITY OF LINCOLN PARK, CITY OF ECORSE, TOWNSHIP OF REDFORD, CITY OF DEARBORN, CITY OF HARPER WOODS, CITY OF GARDEN CITY, CITY OF ALLEN PARK, CITY OF FLAT ROCK, CITY OF DEARBORN HEIGHTS.**

**Defendants.**

6

_____ /

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiffs, Jacqueline McMaster personal representative of the Carol Siladi estate, Jacqueline McMaster personal representative of the Jeffrey Siladi estate, Betty Dobbins personal representative of the Leona Dobbins estate, Marcus Jamison personal representative of the Jack Jamison Estate, Edward Kim personal representative of the Babiano Kim estate, Debra Kingham personal representative of the Joanne Egnatowski estate, Rachelle Siemasz personal representative for the Estate of Joanna Siemasz**,** Thaddeus Bienko, Deanna Stith, Francesco Martinez, Suzanne Luttman, Erica Ruffin, Lonnie Lambert, Halo 5 Group Services, Inc., Yakkoub Tekko, Houssam Tekko, Shaefa Mohamed, Edward John Saghy, Joan Barry, John Sanchez, Jeff Zarnick, Lizabeth Heimann, Ryan Heimann, Lizabeth Heimann Personal Representative for the Estate of Deborah Johnson, KWW Properties, LLC, Zach Woolsey, Majestic Real Property Holdings, Rich Woolsey, Jennifer Michael, Ricky Sprinkle, Danielle Brotka Personal Representative for the Estate of Michael McCarthy, Renee Cayce Personal Representative for the Estate of Gail Cayce, Renee Cayce, Joanne Schulz Personal Representative for the Estate of

7

Betty J. Herrick, Jessica Kidd Personal Representative for the Estate of Donna Kidd, Sarra Lynn Rivera Personal Representative for the Estate of Ernest Forest, Sarra Lynn Rivera Personal Representative for the Estate of Beverley Forest a/k/a Beverly Forst, Thomas Strong, George Libby, Linda Kamm, JP Saylor, Nizar Yassine, Frederick Chapman, James Dowling, Frank Massenberg, James Underhill, Josephine Underhill, James Adams, Brett Dunn, Kimberly Snipes, Jennifer Wick, Warren Wick, Alice Trout a/k/a Alice Plucinski, Aasma Siddique, James Farris Personal Representative for the Estate of William Farris, Linda Stec, David Ainscough, Jr., Personal Representative for the Estate of David Ainscough Sr., Daryl Hagris, Linda Lemaux, Danny Novack, Hassan Hammoud, Zainah Hammoud, Tina Randall, Christina Booker, Amy Droelle, Erica Kruszewski, Denise Sanders, Chris Smith, Michael J. Stoddard, Barbara Lee Cromwell, Gary Lee, Cyril Hall, Brandon C Hall, Henry Koppoe, Raquel Sanders, Linda Goad, David McKay, Jokers R Wild, John Merlino, Lisa Wilson, Henry A. Johnson, John Massey, Anita Lind, Linda Mitchelle a/k/a Linda Denton, Laura Denton, Francisco Garcia, Randy Moore, Paula Newcomb, Diana Kuhn, Lawrence Kuhn, Debra Blevins a/k/a Debra Nagle, Ruth Mann as Trustee of the Ruth Mann Declaration of Trust, Ruth Mann, Eleanor Ewald, Eric Ewald, Beth Pluta a/k/a Beth Rosenberg, James Burbar, Brandy Gutierez, Cynthia Hale, Mark Hale, Russel McQueen as Personal Representative for the Estate of Sharon McQueen, Ali Moussa, Daniel Debaldo, Cheryl Foster, Norwood Boyle

8

Construction, Thomas Boyle, Joann George, and Theresa Lee on behalf of themselves individually and all the unknown claimants and owners, and all the heirs, devisees or assigns of claimants and owners and all the heirs, devisees and assignees of the estate's decedent, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action and all those similarly situated, by and through counsel, and for their Class Action Complaint, states as follows:

## **INTRODUCTION**

1.     This is a case of governmental abuse that cries out for a remedy, especially in light of *Tyler v. Hennepin Cnty., Minnesota,* 143 S. Ct. 1369 (2023).

2.     Defendants' conduct caused the deprivation of Plaintiffs and the putative Class Members' valuable property rights consisting of equity in real property without just compensation.

3.     This abuse stems from the Defendants' property tax foreclosure process. Michigan law generally authorizes counties to foreclose private property whose owners have failed to pay all property taxes. Those properties may be sold at auction, and the proceeds are used to make municipalities whole for unpaid taxes, as well as reasonable fees and expenses. The current and prior versions of the GPTA provides for a right of refusal by governmental entities, M.C.L. § 211.78 m(1).

4.     The instant case seeks to enforce fundamental rights under the Michigan Constitution Article X §2, and the deprivation of the Plaintiffs' and putative Class Members' surplus equity in their properties and their right to due process under the 14th Amendment of the United States Constitution.

5.     Furthermore, the properties owned by Plaintiffs and the putative Class Members had significant equity (*i.e.*, they were worth much more than the amount owed for unpaid taxes, plus reasonable fees, and expenses). This excess value ("Surplus Equity") was not refunded to Plaintiffs or putative Class Members. Plaintiffs and putative class members were permanently deprived of this Surplus Equity without any compensation.

6.     Plaintiffs and the putative Class Members all fell behind in paying their property taxes on their residences. Their properties were all forfeited and then foreclosed upon, sometimes without constitutionally sufficient notice.

7.     "The act of taking is the event which gives rise to the claim for compensation." *Knick v. Township of Scott,* 139 S. Ct. 2162 (2019).

8.     The "taking" occurred when the title absolutely vested in the County, which is the last day of the redemption period.

9.     The Surplus Equity, or surplus value over the amount of taxes, interest and reasonable fees, must be returned to the taxpayer. *Tyler v. Hennepin Cty.*, *supra.*

10.   As it concerns the "Takings Clause," Wayne County is solely responsible for the taking of the Plaintiffs' and the putative Class Members' property. *Hall v. Meisner* 51 F.4th 185 (CA 6, 2022).

11.   Landowners may seek the difference between the fair market value of their homes and the taxes they owe, whether or not the treasurer obtained surplus proceeds at a foreclosure sale. *Hall v. Meisner, supra*.

12.   Centuries old principles require that landowners have a property interest in their "equitable title." *Fox v. Saginaw County* 67 F.4th 284, 290 (2023).

13.   In *Rafaeli, LLC v Oakland County*, 505 Mich 429; 952 N.W.2d 434 (2020), the Michigan Supreme Court held that a treasurer's failure to return the surplus to the landowner was a "takings clause" violation of the Michigan State Constitution. (In accord, *Jackson v. Southfield Neighborhood Revitalization Initiative*, unpublished Opinion per curiam of the Michigan Court of Appeals, decided September 21, 2023 (Docket No. 361397) (2023 WL 6164992) (2023)).

14.   *Tyler v. Hennepin Cnty. supra,* and *Hall v. Meisner, supra,* read together stand for the principle that the takings clause of the United States Constitution protects equitable interests in real property when obtained in property tax foreclosure.

15.   On December 22, 2020, Michigan signed into law amendments to its tax foreclosure scheme ("GPTA") that established different procedures depending

11

on whether the treasurer transferred or sold property before or after the *Rafaeli* decision of July17, 2020. *See,* M.C.L. § 211.78t(b).

16.    The amended act was based on *Rafaeli* and the now unconstitutional notion that the prior landowners were limited solely by the difference between auction value and the amount owed, not the former owner's equity. *See Hall,* 51 F4th at 192.

17.    Defendants' actions constitute the improper and unconstitutional taking of the property of the Plaintiffs and the putative Class Members without just compensation.

18.    To the extent Defendants' actions were permitted under the previous or current version of M.C.L. § 211.78m(8) or § 211.78(t)(2), those provisions are unconstitutional.

19.    Plaintiffs seek a declaratory judgment against Defendants for their unlawful actions and a declaration that M.C.L. § 211.78t is unconstitutional as applied to Right of First Refusal, or surplus equity cases.

20.    As set forth below, Defendants' actions constitute an impermissible inverse condemnation under Michigan law. Plaintiffs also seek a declaratory judgment and injunctive relief against Defendants for their unlawful actions.

## **PARTIES**

21.    Defendant County of Wayne ("Wayne") is a legal entity formed and

existing under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of the State of Michigan which is delegated the responsibility to collect delinquent property taxes. Unless otherwise stated, Wayne acted through the Wayne County Treasurer.

22. Defendant City of Taylor is a legal entity formed and exists under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

23. Defendant City of Lincoln Park is a legal entity formed and exists under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

24. Defendant City of Ecorse is a legal entity formed and exists under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

25. Defendant Township of Redford is a legal entity formed and exists under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

26.     City of Dearborn is a legal entity formed and existing under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

27.     Defendant City of Harper Woods is a legal entity formed and existing under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

28.     Defendant City of Garden City is a legal entity formed and existing under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

29.     Defendant City of Allen Park is a legal entity formed and existed under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

30.     Defendant City of Flat Rock is a legal entity formed and exists under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

31.    Defendant City of Dearborn Heights is a legal entity formed and exists under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of Wayne County and is designated to collect property taxes.

## JURISDICTION AND VENUE

32.    This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 USC1983

33.    This Court has jurisdiction pursuant to 28 USC § 1331, which authorizes federal courts to decide cases considering federal questions; 28 USC § 1343, which authorizes federal courts to hear civil rights cases; 28 USC § 12202, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 USC § 1367, which authorizes supplemental state law claims.

34.    Circuit courts in the State of Michigan are courts of general jurisdiction, and none of the claims herein have been preempted by the United States Constitution or an Act of Congress. Thus, the Wayne County Circuit Court has concurrent jurisdiction to preside over these claims and the parties involved.

35.    Venue is proper in this Court as Defendants, individually and collectively, conduct or have conducted their business in Wayne County Michigan and /or the Eastern District of Michigan.

## GENERAL ALLEGATIONS

### FORFEITURE AND FORECLOSURE UNDER THE GENERAL PROPERTY TAX ACT

36.     This case stems from the administration of Michigan's General Property Tax Act ("GPTA"), M.C.L. §§ 211.1-211.157, which is the statutory process enacted for the collection of unpaid and delinquent real property taxes through real property forfeiture and foreclosure.

37.     The matters at the heart of this litigation concern matters *after* the taxation and forfeiture process is completed, and equity remains after counties such as Wayne and municipalities are paid in full for all delinquent taxes, interest, penalties, and fees.

38.     As used in this Complaint:

    a.     "Tax Delinquency" means the past due tax owed on a property plus additional compounding interest, fees, penalties, and costs; and

    b.     "Surplus Equity" means the amount by which a property's fair market value exceeds its Tax Delinquency if any.

    c.     "Right of First Refusal" is as defined in M.C.L. § 211.78m and is often referred to as "surplus equity."

39.     The GPTA permits the recovery of unpaid real-property taxes, penalties, interest, and fees through foreclosure and sale of the property on which there is a tax delinquency.

40.     Pursuant to the GPTA, a county treasurer may choose to act as the collection agent for the municipality where the property is located when taxpayers

become delinquent on their property taxes or, at the election of the county, the State itself may act as the collection agent. M.C.L. § 211.78(8).

41. Wayne opted to act as the collection agent for Wayne, also known as the Foreclosing Governmental Unit ("FGU"), pursuant to M.C.L. § 211.78(8).

42. The GPTA requires a county to take certain enumerated steps to collect delinquent property taxes and initiate foreclosure proceedings. After notice and hearing, tax-delinquent properties are forfeited to Wayne. The tax-delinquent properties are then foreclosed after a judicial foreclosure hearing by the Circuit Court, and title to the forfeited property is transferred to the county treasurer. If the property is not timely redeemed by March 31 after the foreclosure, fee simple title is vested absolutely in the county treasurer, without any further redemption rights available to the delinquent taxpayer. M.C.L. § 211.78 *et seq*.

43. Prior to December 23, 2020, once title was vested in the county treasurer, the property was then disposed of as follows:

> (1) The state or municipality (such as the Defendants other than Wayne County) where the property is located has the right to claim the property in exchange for the payment to the county of unpaid taxes, interest, and other costs (the "minimum bid"); or

> (2) If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction the July after foreclosure and, if not sold, again in October.

M.C.L. § 211.78m.

44.    Wayne, through its Treasurer, administered a foreclosure process, such that in most cases, after foreclosed real property was sold (typically for more than the Tax Delinquency), the Treasurer or the Defendant municipalities retained the entire amount of the proceeds. At no point did Wayne or anybody with the power to do so return the Surplus Equity or otherwise provide just compensation to the former property owners whose Surplus Equity was taken.

45.    Subsequent to December 22, 2020, if the property was foreclosed after July 17, 2020, once title was vested in the county treasurer, the property was then disposed of as follows:

    (1)    The state or municipality where the property is located has the right to claim the property in exchange for the payment of the fair market value if a notice of intention was filed Or the "minimum bid" if the notice was not filed.;" or

    (2)    If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction the July after foreclosure and, if not sold, again in October. M.C.L. § 211.78m.

    (3)    If by the first of July following the foreclosure sale a prior landowner files a notice of intention to claim requesting for the "remaining proceeds" and the property is not purchased for fair market value less the minimum bid if the landowner files the procedure which includes filing a motion in Circuit Court and possibly competing with a mortgagee the landowner may receive the "remaining proceeds"

## THE CONDUCT AT ISSUE HEREIN REFLECTS COUNTY POLICY

46.    The actions described herein are a voluntary policy, custom, and/or practice of Wayne and the municipalities, and/or their final policymaker(s).

18

47.    This voluntary policy and/or practice of Wayne is sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

48.    Specifically, Wayne made the affirmative, voluntary, and discretionary decision to select and designate the county treasurer to function as the FGU. *See* M.C.L. § 211.78(3)-(6).

49.    Moreover, Wayne, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, has administered Wayne's foreclosure and auction process generally, including M.C.L. § 211.78m(8), so that after Wayne sells a parcel at auction, it retains either the entire amount of the proceeds or significantly less than required, even if the proceeds exceed the amount of the Tax Delinquency, and rarely turns anything to the property owner, the statutory procedure by which the property owner can secure a return of his, his, or its "Surplus Equity" both under the amended statute and pre-*Rafaeli* is constitutional defective and must be struck down.

50.    Further, Wayne, either through enactment of laws and regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, has administered Wayne's foreclosure process generally, including M.C.L. § 211.78m(8) so that Wayne is able

19

to obtain the Equity that should belong to the property owner, without providing any procedural due process enabling the property owner to secure a return of his, his or its Equity.

51.     Accordingly, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell, supra*.

52.     The GPTA, and specifically M.C.L. § 211.78m(8) and t(2), did not require the practices of which the Plaintiff and putative Class Members complain. Rather, the GPTA can be fairly read to provide for Equity to be returned to the previous owner of a foreclosed property before the resulting funds are allocated.

53.     In the alternative, the GPTA, in particular M.C.L. §§ 211.78m(8) and t(2), are inherently unconstitutional or M.C.L. § 211.78(t)2-12 are not applicable to Surplus Equity cases: if the act requires Wayne's conduct as set forth herein, then, the Act violates the Michigan Constitutions for all the reasons that Defendant's conduct violates them.

54.     The actions of Wayne were designed to cause harm intentionally or wantonly to Plaintiffs and the putative class members due to the utter disregard of Plaintiff's and the putative Class Members' constitutionally protected rights.

55.     On December 23, 2020, Michigan enacted an amendatory act which was meant to be curative of the unconstitutional former sections of the GTPA, specifically, M.C.L. 211.78m and M.C.L. 211.78(t)(2), which purported to grant

20

Plaintiff and putative Class Members "just compensation" equivalent to fair market value. However, despite all the new developments in decisional law and the so-called curative amendments to GPTA, Plaintiffs and the putative Class Members presently have no constitutionally adequate remedy or procedure to receive "just compensation" under Michigan Law. Therefore, the Plaintiffs and the putative Class Members look to this Court to provide a remedy under Michigan Constitution Condemnation law and other applicable law to provide such "just compensation."

56.     Defendants have done so without using any *direct* condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51, *et seq*.

57.     Therefore, under Article 10 §2 of the Michigan Constitution Wayne County has committed a taking.

## SPECIFIC ALLEGATIONS RELATING TO THE PARCELS

58.     Plaintiffs owned certain respective residential properties as outlined below (collectively referred to as "Property") in Wayne County, Michigan.

59.     Plaintiffs seek to recover their Surplus Equity in the Property after Defendant's foreclosure and sale of the Property to pay delinquent real estate taxes owed by the Plaintiffs by virtue of their ownership of the Property.

60.     After Plaintiffs fell behind on their property taxes for their respective residences, Wayne, through its Treasurer, initiated forfeiture, and foreclosure

21

proceedings in from March 31, 2015, through the fall of 2020 against the properties formerly owned by Plaintiffs.

61.     As a result of the GPTA procedure, the Judgments of Foreclosure were recorded at various times against Plaintiffs which after expiration of the redemption period vested title solely and absolutely in the County of Wayne and its treasurer.

62.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Carol Siladi owned 11 properties in, City of Taylor , Wayne County listed below. (Any reference to Plaintiff Jacqueline McMaster Personal Representative for the Estate of Carol Siladi (deceased) and any other captioned Plaintiff personal representative of an estate or individual Plaintiff, is intended to includes all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assigned of the estate's decedent, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action i.e. "real parties in interest".)

63.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Jeffrey Siladi owned the property and owed approximately $5,077.35 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 6020 Vivian St, Taylor, MI 48180.

64.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Carol Siladi owned the property and owed approximately $4,940.39 in delinquent

property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 5980 Fellrath St, Taylor, MI 48180.

65.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Carol Siladi owned the property and owed approximately $4,560.87 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-300, Address: 6186 Harold, Taylor, MI 48180.

66.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Carol Siladi owned the property and owed approximately $3,927.28 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-300, commonly known as 6072 Harold, Taylor, MI 48180.

67.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Carol Siladi owned the property and owed approximately $4,511.98 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-300, commonly known as: 6044 Hazel St, Taylor, MI 48180.

68.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Jeffrey Siladi owned the property and owed approximately $4,670.82 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 22132 Studio St, Taylor, MI 48180.

69.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Carol Siladi as to a ½ tenant in common interest, and Plaintiff Jacqueline McMaster

Personal Representative for the Estate of Jeffrey Siladi as to a ½ tenant in common interest owned the property and owed approximately $4,287.84 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 9167 Groschner, Taylor, MI 48180.

70.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Carol Siladi owned the property and owed approximately $5,748.74 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 10637 Oak St, Taylor, MI 48180.

71.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Jeffrey Siladi owned the property and owed approximately $5,580.88 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as: 6865 Ziegler St, Taylor, MI 48180.

72.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Jeffrey Siladi owned the property and owed approximately $4,354.12 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 6911 Polk St, Taylor, MI 48180.

73.     Plaintiff Jacqueline McMaster Personal Representative for the Estate of Jeffrey Siladi owned the property and owed approximately $4,579.96 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 6911 Polk St, Taylor, MI 48180.

74.     Plaintiff Betty Dobbins Personal Representative for the Estate of Leona Dobbins owned the property and owed approximately $8,127.49 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as Eureka Rd, Taylor, MI 48180.

75.     Plaintiff Marcus Jamison Personal Representative for the Estate of Jack Jamison owned the property and owed approximately $2,173.59 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 16392 Weddel St, Taylor, MI 48180.

76.     Plaintiff Debra Kingham as personal representative for the Estate of Joanne Eganowski owned the property and owed approximately $9,757.81 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, more commonly known as 7610 Pardee Rd., Taylor, MI 48180

77.     Plaintiff Rachelle Siesmasz Personal Representative for the Estate of Joanna Siemasz owned the property and owed approximately $36,098 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-701, commonly known as 22425 Superior St, Taylor, MI 48180.

78.     Plaintiff Deanna Stith owned the property and owed approximately $4,114.07 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-300, Address: 15428 McGuire, Taylor, MI 48180.

79.     Plaintiff Francesco Martinez owned the property and owed

approximately $2,336.05 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as: 9001 Rosella St, Taylor, MI 48180.

80.     Plaintiff Thaddeus Bienko owned the property and owed approximately $2,016.43 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 6840 Syracuse St, Taylor, MI 48180.

81.     Plaintiff Suzanne Luttman owned the property and owed approximately $2,495.74 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 14717 Miller St, Taylor, MI 48180.

82.     Plaintiff Erica Ruffin owned the property and owed approximately $5,235.48 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as: 16111 Terrace Village Dr, Taylor, MI 48180.

83.     Plaintiff Edward Kim and Ruffina Kim Personal Representatives for the Estate of Babiano Kim owned the property and owed approximately $9,095.25 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 9855 Mortenview Dr, Taylor, MI 48180.

84.     Plaintiff Joan Barry owned the property and owed approximately $5,492.79 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-000, commonly known as 24760 Chernick St, Taylor, MI 48180.

85.     Plaintiff Lonnie Lambert owned the property and owed approximately $4,579.72 in delinquent property taxes, interest, penalties and fees on Parcel ID: 60-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-300, commonly known as 6309 Hampden St, Taylor, MI 48180.

86.     Plaintiffs Halo 5 Group Services, Inc., Yakkoub Tekko and Houssam Tekko owned the property and owed approximately $4,960.07 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 4052 Coolidge Ave., Lincoln Park, MI 48146.

87.     Plaintiff Shaelfa Mohamed owned the property and owed approximately $7,986.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 32-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-900 (32-802-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-900), commonly known as 4743 Orchard Ave., Dearborn, MI 48126.

88.     Plaintiff Edward John Saghy owned property and owed approximately $13,287.47 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 11549 Cape Cod St., Taylor, MI 48180.

89.     Plaintiff Joan Barry owned property and owed approximately $9.439.04 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 24760 Chermick St., Taylor, MI 48180.

90.     Plaintiff John Sanchez owned property and owed approximately $7,621.07 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 5902 Huron Street., Taylor, MI 48180.

27

91.     Plaintiff John Sanchez owned property and owed approximately $7,265.56 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 6420 Pine St., Taylor, MI 48180.

92.     Plaintiff Jeff Zarnick owned property and owed approximately $16,850.88 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-301, commonly known as 5936 John Daly, Taylor, MI 48180.

93.     Plaintiffs Lizabeth Heimann and Ryan Heimann owned property and owed approximately $8,460.87 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 9546 Sylvester St., Taylor, MI 48180.

94.     Plaintiff Lizbeth Heimann as Personal Representative for the Estate of Deborah Johnson owed approximately $8,084.27 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-037-01-007-003, commonly known as 9311 Lincoln St., Taylor, MI 48180.

95.     Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $6,449.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 1463 Russell Ave., Lincoln Park, MI 48146.

96.     Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $1,095.00 in delinquent property taxes, interest, penalties,

and fees on Parcel ID: 34-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-000, commonly known as 20 Cherrygrove St., Ecorse, MI 48229.

97.    Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $3,000.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 34-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-000, commonly known as 24 W Auburn St., Ecorse, MI 48229.

98.    Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $3,000.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 34-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-000, commonly known as 4067 High St., Ecorse, MI 48229.

99.    Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $8,475.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 34-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-000, commonly known as 4414 8th St., Ecorse, MI 48229.

100.   Plaintiffs Majestic Real Property Holdings and Rich Woolsey owned property and owed approximately $7,968.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 471 Cleveland Ave., Lincoln Park, MI 48146.

101.   Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $700.00 in delinquent property taxes, interest, penalties,

29

and fees on Parcel ID: 34-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-000, commonly known as 28 W Alexi St., Ecorse, MI 48229.

102.   Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $3,105.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 34-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-000, commonly known as 23 E Woodward St., Ecorse, MI 48229.

103.   Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $500.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 34-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-000, commonly known as 12 W Westfield St., Ecorse, MI 48229.

104.   Plaintiffs KWW Properties, LLC, and Zach Woolsey owned property and owed approximately $7,347.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 2034 Markese Ave., Lincoln Park, MI 48146.

105.   Plaintiff Jennifer Michael owned property and owed approximately $7,412 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 1815 University Ave., Lincoln Park, MI 48146.

106.   Plaintiff Ricky Sprinkle owned property and owed approximately $5.048 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-

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-000, commonly known as 1588 Cicotte Ave., Lincoln Park, MI 48146.

107.   Plaintiff Danielle Brotka as Personal Representative for the Estate of Michael McCarthy owed approximately $5,510.35 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 5839 Hazel St., Taylor, MI 48180.

108.   Plaintiff Renee Cayce as Personal Representative for the Estate of Gail Cayce, and individually, owed approximately $11,138.60 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 8495 Clippert, Taylor, MI 48180.

109.   Plaintiff Joanne Schulz as Personal Representative for the Estate of Betty J. Herrick owed approximately $13,637.10 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 6255 Inkster, Taylor, MI 48180.

110.   Plaintiff Jessica Kidd as Personal Representative for the Estate of Donna Kidd owed approximately $8,250.49 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 9012 Rackham, Taylor, MI 48180.

111.   Plaintiff Sarra Lynn Rivera as Personal Representative for the Estate of Ernest Forest and the Estate of Beverley Forest a/k/a Beverly Forest owed approximately $5,422.00 in delinquent property taxes, interest, penalties, and fees

on Parcel ID: 45-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-000, commonly known as 1530 University Ave., Lincoln Park, MI 48146.

112.   Plaintiff Thomas Strong owned property and owed approximately $8.438.86 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 8055 Birch St., Taylor, MI 48180.

113.   Plaintiff George Libby owned property and owed approximately $5,877.34 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 19728 Poinciana, Redford, MI 48240.

114.   Plaintiff Linda Kamm owned property and owed approximately $11,154.16 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 26961 Leroy St., Taylor, MI 48180.

115.   Plaintiff JP Saylor owned property and owed approximately $12,158.42 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000 commonly known as 25255 Charles Ct., Taylor, MI 48180.

116.   Plaintiff Nizar Yassine owned property and owed approximately $19,419.35 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-003, commonly known as 20525 Wick Rd., Taylor, MI 48180.

117.   Plaintiff Frederick Chapman owned property and owed approximately $7,166.85 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 13828 Pine, Taylor, MI 48180.

118.    Plaintiff James Dowling owned property and owed approximately $17,538.36 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 8351 Elm, Taylor, MI 48180.

119.    Plaintiff Frank Massenberg owned property and owed approximately $5,574.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 19974 Kinlock, Redford, MI 48240.

120.    Plaintiffs James Underhill and Josephine Underhill owned property and owed approximately $7,882.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-002, commonly known as 1779 Progress Ave., Lincoln Park, MI 48146.

121.    Plaintiff James Adams owned property and owed approximately $6,400.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 18818 Olympia, Redford, MI 48240.

122.    Plaintiff Brett Dunn owned property and owed approximately $4,826.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 730 Cleophus Pkwy., Lincoln Park, MI 48146.

123.    Plaintiff Kimberly Snipes owned property and owed approximately $5,046.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 15498 Winston Ave., Redford, MI 48239.

124.   Plaintiffs Jennifer Wick and Warren Wick owned property and owed approximately $5,693.01 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 9107 San Jose, Redford, MI 48240.

125.   Plaintiff Alice Trout a/k/a Alice Plucinski owned property and owed approximately $2,170.96 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-001, commonly known as 18409 Delaware Ave., Redford, MI 48240.

126.   Plaintiff Aasma Siddique owned property and owed approximately $3,558.77 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 1514 Empire Ave., Lincoln Park, MI.

127.   Plaintiff James Farris Personal Representative for the Estate of William Farris owed approximately $4,541.55 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 1610 Lafayette Blvd., Lincoln Park, MI 48146.

128.   Plaintiff Linda Stec owned property and owed approximately $3,124.80 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-002, commonly known as 2017 Leblanc St., Lincoln Park, MI 48146.

129.   Plaintiff David Ainscough Personal Representative for the Estate of David Ainscough Sr. owed approximately $13,287.47 in delinquent property taxes,

34

interest, penalties, and fees on Parcel ID: 60-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-001, commonly known as 23806 Schomberg, Taylor, MI 48180.

130.  Plaintiff Daryl Hargis owned property and owed approximately $7,038.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 35-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-002, commonly known as 920 Venoy Rd., Garden City, I 48135.

131.  Plaintiff Linda Lemaux owned property and owed approximately $11,000 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 42-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-000, commonly known as 21112 Norwood Dr., Harper Woods, MI 48225.

132.  Plaintiff Danny Novack owned property and owed approximately $6,302.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-001, commonly known as 15423 Winston Ave., Redford, MI 48239.

133.  Plaintiffs Hassan Hammoud and Zainah Hammoud owned property and owed approximately $4,215 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 32-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-200 (32-82-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-200), commonly known as 6944 Theisen St, Dearborn, MI 48126.

134.  Plaintiff Tina Randall owned property and owed approximately $7,982.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 10045 Hazelton Ave., Redford, MI 48239.

135.  Plaintiff Christina Booker owned property and owed approximately

35

$1,327.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as Kinlock, Redford, MI 48240.

136.   Plaintiff Amy Droelle owned property and owed approximately $3,387.98 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 42-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-000, commonly known as 19323 Kenosha, Harper Woods, MI 48225.

137.   Plaintiff Erica Kruszewski owned property and owed approximately $4,924.07 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 30-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-000, commonly known as 17454 Keppen Ave., Allen Park, MI 48101.

138.   Plaintiff Denise Sanders owned property and owed approximately $11,000 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 42-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-000, commonly known as 18761 Kenosha St., Harper Woods, MI 48225.

139.   Plaintiff Chris Smith owned property and owed approximately $5,118.51 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 58-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-301, commonly known as Cahill Road, Flat Rock, MI 48239.

140.   Plaintiff Michael J. Stoddard owned property and owed approximately $1,880.87 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-004, commonly known as 24618 W Chicago St., Redford, MI 48239.

141.   Plaintiff Barbara Lee Cromwell owned property and owed approximately $7,500 in delinquent property taxes, interest, penalties, and fees on

36

Parcel ID: 42-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-000, commonly known as 19139 Elkhart St., Harper Woods, MI 48225.

142. Plaintiff Gary Lee owned property and owed approximately $1,880.87 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 18649 Centralia, Redford, MI 48240.

143. Plaintiffs Cyril Hall and Brandon C Hall owned property and owed approximately $2,470.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 32-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-000 (32-82-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-000), commonly known as 22415 Madison St., Dearborn, MI 48124.

144. Plaintiff Henry Koppoe owned property and owed approximately $6,692.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 1062 Stewart Ave., Lincoln Park, MI 48146.

145. Plaintiff Raquel Sanders owned property and owed approximately $7,933.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 1658 Empire Ave., Lincoln Park, MI 48146.

146. Plaintiff Linda Goad owned property and owed approximately $2,115.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 26965 Glendale St., Redford, MI 48239.

147. Plaintiffs David Mckay and Jokers R Wild owned property and owed approximately $10,855.00 in delinquent property taxes, interest, penalties, and fees

on Parcel ID: 79-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-003, commonly known as Vacant Telegraph Ave., Redford, MI 48239.

148.   Plaintiffs David Mckay and Jokers R Wild owned property and owed approximately $14,629.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-002, commonly known as 14154 Telegraph Ave., Redford, MI 48239.

149.   Plaintiff John Merlino owned property and owed approximately $4,562.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 33-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-000, commonly known as 4693 Universal St., Dearborn Heights, MI 48125.

150.   Plaintiff Lisa Wilson owned property and owed approximately $5,587.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 35-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-000, commonly known as 33191 Kathryn St., Garden City, MI 48135.

151.   Plaintiff Henry A. Johnson owned property and owed approximately $1,207.46 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-001, commonly known as 10053 Riverdale St., Redford, MI 48239.

152.   Plaintiff John Massey owned property and owed approximately $1,136.10 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 17613 Five Points, Redford, MI 48240.

153.   Plaintiff Anita Lind owned property and owed approximately $862.68

in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 18851 Lennane, Redford, MI 48240.

154.   Plaintiff Linda Mitchelle a/k/a Linda Denton owned property and owed approximately $1,244.73 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 20089 Macarthur St., Redford, MI 48240.

155.   Plaintiff Laura Denton owned property and owed approximately $1,768.32 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 11315 Garfield, Redford, MI 48239.

156.   Plaintiff Francisco Garcia owned property and owed approximately $382.20 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-002, commonly known as 1580 Marion Ave., Lincoln Park, MI 48146.

157.   Plaintiff Randy Moore owned property and owed approximately $374.16 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 2017 Markese Ave., Lincoln Park, MI 48146.

158.   Plaintiff Paula Newcomb owned property and owed approximately $3,395.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 35-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-001, commonly known as 30706 Hennepin Ave., Garden City, MI 48135.

159.   Plaintiff Paula Newcomb owned property and owed approximately $3,582.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 35-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-000, commonly known as 32957 Florence St., Garden City, MI 48135.

160.   Plaintiffs Diana and Lawrence Kuhn owned property and owed approximately $576.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 12923 Lenore, Redford, MI 48239.

161.   Plaintiff Debra Blevins a/k/a Debra Nagle owned property and owed approximately $27,382.30 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 6956 Jackson St., Taylor, MI 48180.

162.   Plaintiffs Ruth Mann as Trustee of the Ruth Mann Declaration of Trust and Ruth Mann individually owned property and owed approximately $870.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 58-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-000, commonly known as Huron River Vacant, Flat Rock, MI 48134.

163.   Plaintiffs Eleanor Ewald and Eric Ewald owned property and owed approximately $4,742.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 35-011-03-006-0000, commonly known as 6110 Harrison St., Garden City, MI 48135.

164.   Plaintiff Beth Pluta a/k/a Beth Rosenberg owned property and owed

approximately $4,582.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-002, commonly known as 15929 Leona, Redford, MI 48239.

165.  Plaintiff James Burbar owned property and owed approximately $10,002.77 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 7844 Elm St., Taylor, MI 48180.

166.  Plaintiff James Burbar owned property and owed approximately $11,092.08 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-300, commonly known as 11139 Ziegler St., Taylor, MI 48180.

167.  Plaintiff James Burbar owned property and owed approximately $15,123.79 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-000, commonly known as 27211 Barbara Ct., Taylor, MI 48180.

168.  Plaintiff Brandy Gutierez owned property and owed approximately $9,174.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 45-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-000, commonly known as 934 Kings Ave., Lincoln Park, 48146.

169.  Plaintiffs Cynthia and Mark Hale owned property and owed approximately $13,100.38 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 60-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-300, commonly known as 6944 McGuire St., Taylor, MI 48180.

170.  Plaintiff Russel Mcqueen as Personal Representative for the Estate of

41

Sharon Mcqueen owned property and owed approximately $3,196.75 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-002, commonly known as 19221 Gaylord, Redford, MI 48146.

171.   Plaintiff Ali Moussa owned property and owed approximately $13,900.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 82-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-800, commonly known as 3736 Katherine St., Dearborn, MI 48124.

172.   Plaintiff Daniel Debaldo owned property and owed approximately $7,521.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 30-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-002, commonly known as 15828 Anne Ave., Allen Park, MI 48101.

173.   Plaintiff Cheryl Foster owned property and owed approximately $3,599.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 35-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-002, commonly known as 30500 Barton St., Garden City, MI 48135.

174.   Plaintiffs Norwood Boyle Construction and Thomas Boyle owned property and owed approximately $2,379.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-501, commonly known as 25334 Five Mile Rd., Redford, Michigan 48239.

175.   Plaintiff Joann George owned property and owed approximately $1,786.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 20075 Delaware, Redford, Michigan 48146.

176.   Plaintiff Theresa Lee owned property and owed approximately

42

$1,630.92 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 79-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-000, commonly known as 9211 Grayfield Ave., Redford, Michigan 48239.

177.   At the time of the foreclosure there were no other known liens that encumbered the Property.

178.   At the time that the aforementioned foreclosures were effective each parcel that was previously owned by the Plaintiffs and putative Plaintiffs (as their residences) had a fair market value which was significantly in excess of the "minimum bid" and or foreclosure amount; the amount in excess was at least 2.7 x SEV as stated in **Exhibit A** and often 11 to 39 times in excess of the price paid by the City of Taylor or other Wayne County Communities (**Exhibit A**, which is incorporated by reference).

179.   The Parcel Id, Address, date of Judgment of Foreclosure, Right of Refusal purchase amount, and fair market value are listed in **Exhibit A**, which is incorporated by reference.

180.   Wayne County was the Foreclosing Governmental Unit (FGU) in the Property's tax foreclosure proceedings.

181.   All the above-described parcels were conveyed by Wayne County by Quit claim Deed to the Defendant municipalities in Wayne County for the minimum bid or less (**Exhibit A).**

182.   At the time of the entry of the Judgment of Foreclosure in numerous cases there was not any constitutionally sufficient notice or procedure pre and/or post-deprivation provided to the landowners or their legal successors nor was there any remedy that existed.

183.   At the present time there is still no constitutionally sufficient remedy or procedure that exists for landowners that have had their properties taken in violation of Article 10 § 2 the Michigan Constitution.

184.   By virtue of entering Judgments of Foreclosure, Defendants seized ownership of the Property, transferring the Property to Wayne County for the delinquent taxes.

185.   Before that event, Plaintiffs and putative Plaintiffs held legal and equitable title in the Property, which were their residences; after that event, Plaintiffs and putative Plaintiffs held no title to the Property at all.  See *Hall v. Meisner* 51 F.4th 185 (CA 6, 2022) cited by *Jackson v. Southfield Neighborhood Revitalization Initiative,* 348 Mich. App. 3179 (2023).

186.    Defendants wrongfully took Plaintiffs' and putative Plaintiffs' Surplus Equity in the Property when it transferred Plaintiffs' and putative Plaintiffs' Property to the New Owners.

187.   Defendants have refused to return any of Surplus Equity to the Plaintiffs or putative Plaintiffs.

188.   The statute of limitations was tolled because of prior class actions filed

concerning the unconstitutional property tax foreclosure, *Hathon v. State of*

*Michigan, Bowles v. Sabree* and equitable tolling  and covid tolling that relates to

these Plaintiffs*,* and others similarly situated persons.

## CLASS ALLEGATIONS

189.   This action is brought by Plaintiffs individually and pursuant to MCR

3.501 et seq. on behalf of the owners of real property in Wayne County during the

relevant statutorily-limited time period as extended because of tolling by applicable

case law who were subject to the unconstitutional process which resulted in the

taking and/or unconstitutional forfeiture of their Equity and/or Surplus Proceeds, but

excluding those who have separately filed their own personal post-forfeiture legal

actions in state or federal courts.

190.   The proposed class consists of all the owners of real property in Wayne

County whose real property, during the relevant time period, was seized through a

real property tax foreclosure, which was worth more than the Tax Delinquency, and

who was not refunded the Equity or Surplus Equity regardless if the property was

auctioned or retained by the County or other governmental entity which could obtain

title though M.C.L. § 211.78m as revised or a previous version and regardless if the

taking or transfer occurred pre-*Rafaeli* or post- *Rafaeli* or before or after the

December 22, 2020 amendments this class is inclusive of other proposed class

45

actions which seek "remaining surplus auction proceeds" as defined by *Rafaeli*, *supra* and *Hall, supra*.

191.   The number of persons who have been injured by the practices discussed herein is sufficiently numerous to make class action the most practical method to secure redress for the injuries sustained and to provide class wide equitable relief.

192.   Plaintiffs' claims are common to, and typical of, those raised by the putative Class they seek to represent, including:

a.   Whether Defendants have been voluntarily exercising discretion to administer M.C.L. § 211.78 in an unconstitutional or otherwise illegal manner, or whether Defendants have been acting to voluntarily enforce an unconstitutional statute which each has willingly assumed to undertake via M.C.L. § 211.78;

b.   Whether each putative Class Members' residential property, prior to foreclosure, was worth more than the total Tax Delinquency owed to Defendants;

c.   Whether each putative Class Members' property had equity greater than the Tax Delinquency owed to Defendants;

d.   Whether Defendants deprived Class Members of Equity or Surplus Equity without just compensation after foreclosing on their property;

e.   Whether Defendants kept the Surplus Equity for its benefit or other governmental entities failed to initiate any form of condemnation proceedings or caused the loss of Surplus Equity through their actions;

f.   Whether Defendants failed to pay just compensation or failed to have or undertake a process to return the Surplus Equity;

g.   Whether Plaintiffs are entitled to other Constitutional Tort damages under current state and/or federal law precedent;

46

h.    Whether the short period to file a Notice of Claim is unreasonable and harsh producing a de facto extinguishment of the Plaintiffs' and the putative classes' constitutional right of not being deprived of their equity without just compensation; and

i.    Whether the use of tax assessments and other formulaic valuation data should be utilized to provide the protections and rights provided by the federal and state constitutions.

193.    There are clear questions of law raised by the named Plaintiffs' claims common to, and typical of, those raised by the putative Class they seek to represent, including:

a.    Whether M.C.L. § 211.78 prohibits Defendants from returning Surplus Equity to Class Members;

b.    Whether M.C.L. § 211.78m does contain such a prohibition, and if so, whether the statute is facially unconstitutional;

c.    Whether the decision in *Rafaeli* or *Jackson v. Southfield Neighborhood Revitalization* (and *Schafer v. Kent County*) applies retroactively;

d.    Whether the revisions to M.C.L. § 211.78 apply to the actions of Defendants as set forth herein;

e.    Whether M.C.L. § 211.78(t) is facially unconstitutional;

f.    Whether M.C.L. § 211.78(t) is unconstitutional as applied;

g.    Whether the GPTA is unconstitutional either facially or applied to the putative class members;

h.    Whether the Defendants have committed an unconstitutional taking by refusing to pay just compensation when seizing Surplus Equity beyond the Tax Delinquency, and have appropriated property in the form of Surplus Equity without the payment of just compensation in violation of Article X, Section 2 of the Michigan Constitution;

i.   Whether the Defendants committed an inverse condemnation by destroying Surplus Equity via the seizure process and/or the later selling the property, and then retaining the Surplus Equity;

j.   Whether the putative Class Members had a protected property interest in their property's Surplus Equity and is it limited by auction price;

k.   Whether the Defendants deprived the putative Class Members of any opportunity to seek the return of their Surplus Equity after foreclosure so as to deprive the putative Class Members of their procedural due process rights;

l.   Whether the Defendants acted arbitrarily and capriciously, and/or in a manner that shocks the conscience, in seizing the putative Class Members' Surplus Equity; and

m.   Whether the Defendants have been unjustly enriched by their retention of putative Class Members' Surplus Equity.

194.   The violations of law and resulting harm alleged by the named Plaintiffs are typical of the legal violations and harm suffered by all putative Class Members.

195.   Plaintiffs, if appointed as Class representative, will fairly and adequately protect the interests of the putative Class Members, and will vigorously prosecute the suit on behalf of the putative Class; and is represented by experienced counsel.

196.   The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to putative Class Members and/or one or more of the Defendants.

197.   Defendants have acted, failed to act, and/or is continuing to act on grounds against Plaintiffs and all putative Class Members in the same manner.

198.   The violations of law and resulting harm alleged by the named Plaintiffs are typical of the legal violations and harm suffered by all putative Class Members.

199.   The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual putative members of the Class and/or one or more of the Defendants.

**COUNT I**
**INVERSE CONDEMNATION AND /OR TAKING IN**
**VIOLATION OF THE MICHIGAN CONSTITUTION, ARTICLE X,**
**SECTION 2**

200.   Plaintiffs repeat, re-allege and incorporate herein by reference to all prior paragraphs.

201.   Defendants have taken Plaintiffs' and the putative Class Members' property interests in the form of Surplus Equity and has appropriated property for public use or unjust enrichment without the payment of just compensation.

202.   Defendants have done so without using any statutory condemnation process, including those outlined under the Uniform Condemnation Procedures Act, M.C.L. § 213.51, et seq., and in violation of Article X, Section 2 of the Michigan Constitution.

203.   Defendants' actions caused an unjust taking of Plaintiffs' and putative Class Members' entire equity in their property.

204.   As a direct and proximate result of Defendants' unconstitutional taking of Plaintiffs' properties, Plaintiffs and putative Class Members have experienced substantial loss of value and ordinary use and enjoyment of their properties.

205.   The injury to the Plaintiffs and putative Class Member property owners is unique or special because this group of Plaintiffs had substantial Equity in their property.

206.   Defendants have not and will not provide Plaintiffs and the putative Class Members with any opportunity to claim their Surplus Equity after the seizure and/or later sale of their respective properties, nor did Defendants provide or have a constitutionally sufficient procedure to claim just compensation at the time the Defendants seized title to their property interests.

207.   Defendants has not paid just compensation. Plaintiffs and Class Members have not received just compensation.

208.   Defendants did not have, allow, or give a reasonable opportunity to claim or be heard after the property tax foreclosure or later sale if applicable.

209.   Defendants do not and did not have a constitutional procedure for Plaintiffs and Class Members to receive the Surplus Equity from a fair, arms-length public action.

210.   Defendants' actions were designed to cause harm intentionally or wantonly to Plaintiffs and the putative class members due to its calculated disregard of Plaintiffs' and the putative Class Members' constitutionally protected rights.

211.   The Plaintiffs and putative Class Members whose Surplus Equity was taken are entitled to compensation under Article X, Section 2 of the Michigan Constitution.

212.   Plaintiffs and the putative Class Members have been injured and have suffered damages.

## COUNT II
## VIOLATION OF PROCEDURAL DUE PROCESS

213.   Plaintiffs repeat, re-allege and incorporate herein by reference all prior paragraphs.

214.   Article I, Section 17 of the Michigan Constitution guarantees procedural due process to Plaintiffs and the putative Class Members.

215.   Plaintiffs and the putative Class Members have a constitutionally protected property interest in the Surplus Equity of their respective properties. Plaintiffs' Constitutional right to not have their property taken without just compensation is a self-executing right stemming from the Michigan Constitution.

216.   Under the previous versions of the GPTA the Plaintiffs and Class Members did not have any process, right or procedure to secure the return of their equity after their properties transfer or sale.

51

217.   Defendants did not have any consistent policy on when or how to obtain a Foreclosure Judgment.

218.   Defendants exceeded their authority by not following the GPTA as enacted by the legislature.

219.   Defendants' ad hoc determination of "substantial hardship" in effect created a situation where there was no certitude in when a parcel of property would be foreclosed, which amounts to a constitutional violation of procedural due process.

220.   Defendants, in many instances prematurely, foreclosed as the property was still in the forfeiture phase.

221.   Defendants did not properly administer the GPTA, which provided a remedy for property owners to receive "just compensation."

222.   Defendants did not give constitutionally sufficient notice to Plaintiffs either pre-foreclosure or post-foreclosure of the deprivation of Plaintiffs' property in violation of the Michigan Constitution.

223.   M.C.L. 211.78t is unconstitutional based on the above recited principles.

224.   Wayne has denied Plaintiffs and the putative Class Members these rights by failing to provide any constitutionally reasonable or adequate procedure at all for Plaintiffs and the putative Class Members to secure the return of their Surplus Equity after their property's sale or transfer.

225.   M.C.L. 211.78t makes no provision for taxpayers who have infirmities mentally, physically, cognitively or the heirs or beneficiaries who are deceased.

226.   Defendants knew that their conduct was intentional and motivated by evil motive and intent, or it involved callous indifference or recklessness to the Plaintiffs' and putative Plaintiffs' federally protected rights.

227.   As a direct and proximate result of Defendants' failure to provide adequate procedural due process, Plaintiffs and the putative Class Members have been injured and have suffered damages which include full compensatory damages, disgorgement of the equity, punitive damages, damages for emotional distress as to residential properties, and interest at a rate to make them whole for the delay in paying just compensation

228.   Neither Plaintiffs nor any putative Class Member has an adequate remedy at law except as set forth in this Second Amended Complaint.

### COUNT III
### UNJUST ENRICHMENT
### (Against Defendant Governmental Entities Other than Wayne County)

229.   Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

230.   Defendants City of Taylor, City of Lincoln Park, City of Ecorse, Township of Redford, City of Dearborn, City of Harper Woods, City of Garden City, City of Allen Park, City of Flat Rock, and City of Dearborn Heights have taken

Plaintiffs' and the putative Class Members' property interests in the form of their Surplus Equity.

231.   Wayne County was mandated to transfer properties by right of first refusal to the lesser governmental agencies.

232.   Defendants City of Taylor, City of Lincoln Park, City of Ecorse, Township of Redford, City of Dearborn, City of Harper Woods, City of Garden City, City of Allen Park, City of Flat Rock, and City of Dearborn Heights realized monetary gain from acquiring Plaintiffs' and the putative Class Members' Surplus Equity for substantially less than fair market value.

233.   Defendants City of Taylor, City of Lincoln Park, City of Ecorse, Township of Redford, City of Dearborn, City of Harper Woods, City of Garden City, City of Allen Park, City of Flat Rock, and City of Dearborn Heights have been unjustly enriched by retaining the Plaintiffs' and the putative Class Members' Surplus Equity or by the subsequent sale.

234.   Defendants other than Wayne County have liability in the right of first refusal context as the last public entity that unjustly benefited or enriched themselves from Plaintiffs' and the putative Class Members' tax foreclosed properties.

235.   Defendants were unjustly enriched with the Surplus Equity to which Plaintiffs and the putative Class Members were entitled.

236.   As a direct and proximate cause of the Defendants' retention of Plaintiffs' and the putative Class Members' funds, Plaintiffs and the putative Class Members have been damaged and continue to suffer damages in an amount to be determined, in addition to costs, expenses, and attorneys' fees.

**COUNT IV**
**DECLARATORY RELIEF**

237.   Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

238.   An actual controversy exists between Plaintiffs and putative Class Members and Defendants regarding the administration of the GPTA tax foreclosure.

239.   Plaintiffs and putative Class Members are entitled to a declaration that the failure of the GPTA and Michigan law to provide delinquent taxpayers with a basis for and a method to recover the Surplus Equity in their homes after they are taken is a violation of their rights to just compensation and equal protection.

240.   Plaintiffs and putative Class Members are entitled to declaratory judgment that Defendants cannot exercise their right of first refusal without paying fair-market value for the property and reimbursing the property owners for their Surplus Equity above any Tax Delinquency owed.

241.   Plaintiffs and putative Class Members seek a declaratory judgment that Defendants cannot treat property owners who face tax foreclosure in 2021 more

favorably than the similarly situated property owners who were foreclosed in earlier years before recent changes to M.C.L. § 211.78m.

242.   Plaintiffs request a declaratory judgment that each and every property owner should be entitled to a post foreclosure notice that their property was transferred to another governmental entity in Wayne County or retained by the County.

243.   Plaintiffs and Class Members seek a declaratory judgment that M.C.L. § 211.78m and M.C.L. § 211.78t are facially unconstitutional.

244.   Plaintiffs and Putative Class members will provide a copy of this lawsuit upon the Attorney General of the State of Michigan.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs and the putative Class Members respectfully that this Court:

a.   Enter an order certifying this case as a class action;

b.   Enter an order declaring the conduct of Defendants as unconstitutional under the Michigan Constitution;

c.   Enter an Order that M.C.L. § 211.78m and M.C.L. § 211.78t are facially unconstitutional.

d.   Enter an order for an award of full compensatory damages for those injuries and damages sustained by Plaintiffs and putative Class

Members, including disgorgement of Equity for each respective property;

e.      Enter an order for additional damages and/or compensation to reach an amount equaling 125% of the Property's fair market value if this Court determines that private property consisting of an individual's Surplus Equity was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

f.      Enter an order for an award of interest as provided for in *Knick v. Twp. of Scott*;

g.      Enter an order for an award of reasonable attorneys' fees and litigation expenses, and any and all other applicable laws, rules, and statutes;

h.      Enter an award for exemplary damages, punitive damages, and for emotional distress;

i.       Enter an order for any and all damages and/or compensation as is deemed proper under state and federal law including damages for constitutional torts if this case is not remanded to state Court;

j.      Enter an order for declaratory judgment that Defendants' conduct is unlawful under the GPTA;

k.      Enter an order for a declaratory judgment that each and every property owner should be entitled to a post foreclosure notice that their property

was transferred to another governmental entity in Wayne County or retained by the County.

l.     Enter an Order inviting the Attorney General of Michigan to intervene, as the Plaintiff seeks to declare M.C.L. §§ 211.78m & 211.78t unconstitutional, and if the Court deems it necessary certify the question to the Supreme Court of Michigan;

m.     Enter an Order inviting the Attorney General of Michigan to intervene, as the Plaintiffs seek to declare that the 2021 revisions to the GPTA are retroactive, and if the Court deems such necessary, to certify the question to the Michigan Supreme Court; and

n.     Enter an order for all other such legal and equitable relief that this Court deems proper and just.

## JURY DEMAND

For all triable issues, a jury is hereby demanded.


Respectfully submitted,

*/s/ Scott F. Smith*
Scott F. Smith (P28472)
Smith Law Group, PLLC
30833 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
(248) 626-1962
Counsel for Plaintiffs

58

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

/s/ Scott F. Smith
Scott F. Smith (P28472)
Smith Law Group, PLLC